## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, | ) |
| CARMEN ROBLES FROST, | ) |
|  | )     Civil Action No. 2:24-cv-159-Z |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| XAVIER BECERRA, in his official capacity as | ) |
| Secretary of Health and Human Services; | ) |
| RACHEL LEVIN, in her official capacity as | ) |
| Assistant Secretary for Health; LYNN | ) |
| ROSENTHAL[1], in her official capacity as Deputy | ) |
| Assistant Secretary for Population Affairs; | ) |
| OFFICE OF THE ASSISTANT SECRETARY FOR | ) |
| HEALTH; U.S. DEPARTMENT OF HEALTH & | ) |
| HUMAN SERVICES; UNITED STATES OF | ) |
| AMERICA, | ) |
|  | ) |
| *Defendants*. | ) |
|  | ) |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF JURISDICTION

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Lynn Rosenthal automatically substitutes for her predecessor, Jessica Swafford Marcella, in her official capacity as Deputy Assistant Secretary for Population Affairs.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

BACKGROUND ................................................................................................................... 2

    I.      Statutory Background and Prior Litigation ............................................................. 2

    II.     Agency Notice of Non-Enforcement in Texas ......................................................... 4

    III.   The Current Proceedings ......................................................................................... 5

LEGAL STANDARDS ......................................................................................................... 6

ARGUMENT ......................................................................................................................... 7

    I.      Plaintiffs Have Not Suffered an Injury in Fact ...................................................... 8

          A.     Plaintiffs Lack a Concrete and Actual or Imminent Injury ....................... 8

          B.     Plaintiffs Lack Standing to Sue on Behalf of Third Parties ...................... 11

    II.     Plaintiffs' Alleged Injuries Are Not Traceable to the Rule .................................. 13

    III.   Plaintiffs' Alleged Injuries Are Not Redressable ................................................. 14

CONCLUSION .................................................................................................................... 17

# TABLE OF AUTHORITIES

CASES

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez,*
458 U.S. 592 (5th Cir. 1982) ......................................................................... 5, 9, 12

*Allen v. Wright,*
468 U.S. 737 (1984) ............................................................................................. 14

*Ass'n of Am. Physicians & Surgeons v. HHS,*
224 F. Supp. 2d 1115 (S.D. Tex. 2002) ............................................................... 15

*Babbitt v. United Farm Workers Nat'l Union,*
442 U.S. 289 (1979) ............................................................................................... 8

*Barrera–Montenegro v. United States,*
74 F.3d 657 (5th Cir. 1996) ................................................................................... 7

*Bender v. Williamsport Area Sch. Dist.,*
475 U.S. 534 (1986) ............................................................................................... 7

*California v. Texas,*
593 U.S. 659 (2021) ......................................................................................... 14, 16

*Cibolo Waste, Inc. v. City of San Antonio,*
718 F.3d 469 (5th Cir. 2013) ................................................................................. 6

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983) ................................................................................................. 8

*Clapper v. Amnesty Int'l USA,*
568 U.S. 398 (2013) ............................................................................................. 14

*Ctr. for Biological Diversity v. EPA,*
937 F.3d 533 (5th Cir. 2019) ............................................................................... 14

*Deanda v. Becerra,*
96 F.4th 750 (5th Cir. 2024) ........................................................................ *passim*

*Dobbin Plantersville Water Supply Corp. v. Lake,*
108 F.4th 320 (5th Cir. 2024) ............................................................................. 15

*Drayden v. Needville Indep. Sch. Dist.,*
642 F.2d 129 (5th Cir. Unit A Apr. 1981),
*abrogated on other grounds by Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60 (1992) .... 16

*E.T. v. Paxton,*
  19 F.4th 760 (5th Cir. 2021) ........................................................................... 7

*Elk Grove Unified Sch. Dist. v. Newdow,*
  542 U.S. 1 (2004) ........................................................................................... 6

*Freedom from Religion Found., Inc. v. Abbott,*
  58 F.4th 824 (5th Cir. 2023) ......................................................................... 10

*Ghedi v. Mayorkas,*
  16 F.4th 456 (5th Cir. 2021) ........................................................................... 7

*Golden v. Zwickler,*
  394 U.S. 103 (1969) ...................................................................................... 15

*Gov't of Manitoba v. Bernhardt,*
  923 F.3d 173 (D.C. Cir. 2019) ...................................................................... 13

*Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.,*
  286 Fed. App'x 864 (5th Cir. 2008) .............................................................. 11

*Haaland v. Brackeen,*
  599 U.S. 255 (2023) ...................................................................................... 12

*Home Builders Ass'n of Miss., Inc. v. City of Madison,*
  143 F.3d 1006 (5th Cir. 1998) ......................................................................... 6

*Howery v. Allstate Ins.,*
  243 F.3d 912 (5th Cir. 2001) ........................................................................... 6

*Joint Heirs Fellowship Church v. Akin,*
  629 Fed. App'x 627 (5th Cir. 2015) ................................................ 1, 9, 10, 11

*La. State v. Nat'l Oceanic & Atmospheric Admin.,*
  70 F.4th 872 (5th Cir. 2023) ......................................................................... 12

*Laufer v. Mann Hosp., L.L.C.,*
  996 F.3d 269 (5th Cir. 2021) ........................................................................... 8

*Lee v. Verizon Commc'ns., Inc.,*
  837 F.3d 523 (5th Cir. 2016) ........................................................................... 8

*Louisiana v. U.S. Dep't of Energy,*
  90 F.4th 461 (5th Cir. 2024) ........................................................................... 7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ........................................................................ 14

*Massachusetts v. Mellon*,
    262 U.S. 447 (1923) ........................................................................ 12

*McCormack v. Nat'l Collegiate Athletic Ass'n*,
    845 F.2d 1338 (5th Cir. 1988) ........................................................ 12

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
    312 U.S. 270 (1941) ........................................................................ 15

*Miss. State Democratic Party v. Barbour*,
    529 F.3d 538 (5th Cir. 2008) .......................................................... 16

*N.Y. State Rifle & Pistol Ass'n v. City of N.Y.*,
    590 U.S. 336 (2020) ........................................................................ 15

*Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*,
    647 F.3d 202 (5th Cir. 2011) ............................................................ 6

*Okpalobi v. Foster*,
    244 F.3d 405 (5th Cir. 2001) ............................................................ 6

*Orix Credit All., Inc. v. Wolfe*,
    212 F.3d 891 (5th Cir. 2000) .......................................................... 16

*Powers v. Ohio*,
    499 U.S. 400 (1991) ........................................................................ 11

*Renne v. Geary*,
    501 U.S. 312 (1991) .......................................................................... 7

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976) .......................................................................... 14

*Sossamon v. Texas*,
    560 F.3d 316 (5th Cir. 2009),
    *aff'd*, 563 U.S. 277 (2011) ............................................................ 10

*South Carolina v. Katzenbach*,
    383 U.S. 301 (1966) ........................................................................ 12

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ...................................................................... 6, 8

iv

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ................................................................................................. 7

*Steffel v. Thompson*,
    415 U.S. 452 (1974) ............................................................................................... 16

*Tex. Off. of Pub. Util. Couns. v. FCC*,
    183 F.3d 393 (5th Cir. 1999) ................................................................................. 5

*Texas v. EEOC*,
    933 F.3d 433 (5th Cir. 2019) ............................................................................... 16

*Town of Chester v. Laroe Estates, Inc.*,
    581 U.S. 433 (2017) ............................................................................................... 7

*U.S. Navy Seals 1-26 v. Biden*,
    72 F.4th 666 (5th Cir. 2023) ......................................................................... 10, 15

*Voluntary Purchasing Grps., Inc. v. Reilly*,
    889 F.2d 1380 (5th Cir. 1989) ............................................................................... 7

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
    529 U.S. 765 (2000) ............................................................................................. 14


**U.S. CONSTITUTION**

U.S. Const. art. III, § 2……………………………………………………………………6


**FEDERAL STATUTES**

28 U.S.C. § 2201 ....................................................................................................... 15

Consolidated Appropriations Act, 2022,
    Pub. L. No. 117-103, 136 Stat. 49 ........................................................................ 3

Departments of Labor, Health and Human Services,and Education, and Related Agencies
    Appropriations Act, 1998,
    Pub.L. No. 105-78, 111Stat. 1467 (1997)............................................................. 3

Family Planning Servicesand Population Research Act of 1970,
    Pub. L. No. 91-572, 84 Stat. 1504 ........................................................................ 2

Pub. L. No. 97-35, 95 Stat. 357 (1981). ................................................................... 2

Pub. L. No. 95-613, 92 Stat. 3093 (1978)......................................................................... 2

Public Health Service Act,
    42 U.S.C. § 300 ........................................................................................................... 2


**FEDERAL REGULATIONS**

42 C.F.R. § 59.10(b) ............................................................................................. *passim*

42 C.F.R. § 59.1 ..................................................................................................................... 2

Ensuring Access to Equitable, Affordable, Client-Centered, Quality Family Planning Services,
    86 Fed. Reg. 56144 (Oct. 7, 2021)............................................................................ 4


**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1).......................................................................................................... 2


**STATUTE STATUTES**

Tex. Fam. Code § 151.001(a)(6)............................................................................................. 3


**OTHER AUTHORITIES**
U.S. Dep't of Health & Hum. Servs.,
Program Policy Notice (PPN) 2024-01: Clarification Regarding
Confidential Services to Adolescents Under the Title X Program (Mar. 22, 2024).................*passim*

## INTRODUCTION

Earlier this year, the Fifth Circuit held that a provision of Title X of the Public Health Service Act requiring grantees to "encourage family participation" "to the extent practical" does not preempt the Texas state law requiring parental consent for medical care to minors. *Deanda v. Becerra*, 96 F.4th 750, 753 (5th Cir. 2024). The Fifth Circuit additionally held, however, that because the plaintiff in that case, a father in Texas, had not brought a claim under the Administrative Procedure Act (APA), the district court erred in vacating a portion of the regulation prohibiting Title X grantees from requiring parental consent for family planning services to minors. Shortly after the Fifth Circuit's decision, the Department of Health and Human Services ("HHS") announced in a policy notice that it would not enforce this regulatory provision in Texas or any other state in the Fifth Circuit to the extent it conflicts with state law. Plaintiffs the State of Texas and Carmen Frost, a resident of Texas, nonetheless subsequently filed this action seeking various relief involving 42 C.F.R. § 59.10(b).

In the wake of both the Fifth Circuit's decision in *Deanda* and HHS's public announcement of non-enforcement of 42 C.F.R. § 59.10(b) in Texas, the Plaintiffs in this case lack standing. Because HHS is not enforcing the challenged regulatory provision in Texas, Plaintiffs lack an injury in fact. Nor could Plaintiffs obtain meaningful relief in this case because HHS, by its notice of non-enforcement, has already effectively provided the very relief that Plaintiffs seek. Indeed, in a similar case, the Fifth Circuit held that the plaintiffs lacked standing to challenge provisions of the Texas Election Code, where the Texas Ethics Commission responsible for enforcing the Code had taken the position that "it cannot and does not enforce" the challenged provisions "in light of [Fifth Circuit] precedent." *Joint Heirs Fellowship Church v. Akin*, 629 Fed. App'x 627, 630 (5th Cir. 2015). The same reasoning applies here. Like the Texas Ethics Commission, HHS has made

clear that, "in light of the Fifth Circuit's decision [in *Deanda*]," it "will not be enforcing 42 C.F.R. § 59.10(b) in the State of Texas, nor will it enforce that regulation elsewhere in the [F]ifth [C]ircuit to the extent it conflicts with state law." Accordingly, Plaintiffs lack standing to bring this challenge to the rule and the case should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

### I.    <u>Statutory Background and Prior Litigation</u>

In 1970, Congress enacted Title X of the Public Health Service Act, 42 U.S.C. § 300, *et seq.*, as a means of "making comprehensive voluntary family planning services readily available to all persons desiring such services." Family Planning Services and Population Research Act of 1970, Pub. L. No. 91-572, § 2(1), 84 Stat. 1504 (1970). The statute authorizes HHS to "make grants to and enter into contracts with public or nonprofit private entities to assist in the establishment and operation of voluntary family planning projects which shall offer a broad range of acceptable and effective family planning methods and services (including natural family planning methods, infertility services, and services for adolescents)." 42 U.S.C. § 300(a). Title X funds projects that provide the services "necessary to aid individuals to determine freely the number and spacing of their children." 42 C.F.R. § 59.1.

In 1978, Congress amended Title X to include "services for adolescents." Pub. L. No. 95-613, 92 Stat. 3093 (1978). Congress again amended the statute in 1981 to include the current requirement that, "[t]o the extent practical," participating entities "shall encourage famil[y] participation in projects assisted under this subsection." 42 U.S.C. § 300(a); Pub. L. No. 97-35, § 931(b)(1), 95 Stat. 357 (1981). And since 1997, annual appropriations acts have required participating entities to certify that they in fact encourage family participation in minors' decisions to seek family planning services through the Title X program:

> None of the funds appropriated in this Act may be made available to any entity under Title X of the [Public Health Service] Act unless the applicant for the award certifies to the Secretary that it encourages family participation in the decision of minors to seek family planning services and that it provides counseling to minors on how to resist attempts to coerce minors into engaging in sexual activities.

*See, e.g.,* Consolidated Appropriations Act, 2022, Pub. L. No. 117-103, Div. H, Tit. II, § 207, 136 Stat. 49, 466 (2022); Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-78, § 212, 111 Stat. 1467, 1495 (1997).

In 2020, Alexander Deanda filed suit in this Court challenging HHS's administration of Title X. *Deanda*, 96 F.4th at 754. Mr. Deanda alleged that he resided in Texas with his three minor daughters, "that he is raising his daughters according to his Christian beliefs to abstain from pre-marital sex[,]" and "that he wants to be informed if any of his children access or try to access contraceptives." *Id.* Relying upon a Texas state law providing that a "parent of a child" has various "rights and duties" including "the right to consent to the child's . . . medical and dental care," Tex. Fam. Code § 151.001(a)(6), he argued that HHS's administration of the Title X program to prohibit grantees from requiring parental consent for family planning services to minors violated his rights under Texas law. *Id.* After denying the plaintiff's motion for class certification, this Court granted his motion for summary judgment, holding that Mr. Deanda had standing based on the Texas parental consent law and that Title X does not preempt that state law. *Id.* at 755. This Court also held, as summarized by the Fifth Circuit, that HHS's "administration of Title X violates [Mr.] Deanda's constitutional right to direct the upbringing of his children." *Id.* The government appealed. *Id.*

The Fifth Circuit affirmed in part and reversed in part. *Id.* at 753. At the outset, the Fifth Circuit held that Mr. Deanda had standing because Texas state law "affords Deanda a right to consent to his minor children's medical care" and the agency was "invad[ing]" that right by

distributing federal funds "to Texas [Title X] clinics on the express condition that they provide contraceptive services to minors without notifying their parents or seeking parental consent." *Id.* at 756. The Fifth Circuit also affirmed that "Title X does not preempt Texas's parental consent law" because, in the Fifth Circuit's view, a "grantee can comply with both" Title X and the Texas law. *Id.* at 753. The Court did not reach the plaintiff's claim that Title X violates his parental rights under the U.S. Constitution. *Id.* The Court concluded, however, that it was error in *Deanda* to vacate 42 C.F.R. § 59.10(b)[1] because that "regulation, promulgated after Deanda filed suit, was not challenged by Deanda under the Administrative Procedure Act ('APA') or otherwise. Nor did the summary judgment order address the regulation's validity or preemptive force." *Id.*

The Fifth Circuit entered judgment to that effect on March 12, 2024, and the mandate issued May 6, 2024. *Deanda v. Becerra*, No. 23-10159 (5th Cir. May 6, 2024), ECF No. 122-1.

## II.    Agency Notice of Non-Enforcement in Texas

Following the Fifth Circuit's decision in *Deanda*, on March 22, 2024, HHS issued Program Policy Notice (PPN) 2024-01: Clarification Regarding Confidential Services to Adolescents Under the Title X Program ("Notice"), available at https://opa.hhs.gov/grant-programs/title-x-service-grants/about-title-x-service-grants/program-policy-notices/opa-program-policy-notice-2024-01-clarification-regarding-confidential-services-to-adolescents-under-the-title-x-program    (last

---

[1] This regulation provides:

> To the extent practical, Title X projects shall encourage family participation. However, Title X projects may not require consent of parents or guardians for the provision of services to minors, nor can any Title X project staff notify a parent or guardian before or after a minor has requested and/or received Title X family planning services.

"Ensuring Access to Equitable, Affordable, Client-Centered, Quality Family Planning Services," 86 Fed. Reg. 56144, 56166-67 (Oct. 7, 2021) (footnote omitted).

visited Oct. 4, 2024), attached hereto as Exhibit 1. HHS issued this Notice "to update Title X grantees regarding adolescent confidentiality requirements in response to the recent Fifth Circuit ruling in *Deanda v. Becerra*." Exhibit 1 at 1. "[I]n light of the Fifth Circuit's decision [in *Deanda*]," the Notice explains, among other things, that HHS "will not be enforcing 42 C.F.R. § 59.10(b) in the State of Texas, nor will it enforce that regulation elsewhere in the [F]ifth [C]ircuit to the extent it conflicts with state law." *Id.* The guidance further provides that "Title X projects in states in the Fifth Circuit other than Texas may wish to consult with their own counsel regarding their states' requirements with respect to confidentiality." *Id.*

## III.    The Current Proceedings

Months following HHS's publication of the Notice, on July 25, 2024, Plaintiffs filed the instant complaint, seeking declaratory and injunctive relief involving 42 C.F.R. § 59.10(b). *See* Complaint ("Compl."), ECF No. 1, at 11, § VIII. Demand for Relief.

Despite HHS's policy of non-enforcement in Texas, Plaintiffs allege that they suffer harm as a result of 42 C.F.R. § 59.10(b). Plaintiff the State of Texas alleges harm to both its "sovereign interests and quasi-sovereign interests." *Id.* at 2, ¶ 2. Texas asserts "a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents in general." *Id.* at 6, ¶ 33 (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607 (5th Cir. 1982)). Texas also asserts "a sovereign interest in its 'power to create and enforce a legal code.'" *Id.* at 6, ¶ 34 (quoting *Tex. Off. of Pub. Util. Couns. v. FCC*, 183 F.3d 393, 449 (5th Cir. 1999) (internal quotation marks omitted)). Texas alleges that it suffers an injury in fact because 42 C.F.R. § 59.10(b) imposes a condition on federal funding to Title X projects in Texas and thus "purports to preempt Texas's sovereign interests in the health and safety of its residents and its traditional regulation over family law." *Id.* at 6, ¶ 36.

Plaintiff Carmen Robles Frost alleges that she is a parent of minor children residing in Amarillo, Texas. *Id.* at 2, ¶ 3; 7, ¶ 39. She alleges that Texas state law "protects [her] rights as a parent" by requiring parental consent for certain medical care, that she "wishes to be informed if any of her children are accessing or attempting to access" Title X family planning services, and that she "does not want her children to obtain" Title X family planning services without her consent. *Id.* at 7, ¶¶ 41-42. She asserts that she therefore has standing because 42 C.F.R. § 59.10(b) "enables children" to obtain such services without parental consent. *Id.* at 7, ¶ 44.

## LEGAL STANDARDS

A court should grant a motion to dismiss for lack of subject-matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proof. *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have jurisdiction over a claim between parties only if the plaintiff presents an actual case or controversy. U.S. Const. art. III, § 2; *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "The requirement that a claimant have standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011) (citation omitted). The standing doctrine thus "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). "The doctrine of standing asks 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Id.* (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1,

11 (2004)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)). To test whether the party asserting jurisdiction has met its burden, a court may rely upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)).

## ARGUMENT

Given the Fifth Circuit's decision in *Deanda* and HHS's ensuing issuance of the Notice of non-enforcement in Texas, Plaintiffs lack standing to challenge 42 C.F.R. § 59.10(b). Their claims therefore must be dismissed at the threshold for lack of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

At the pleading stage, "standing exists only when the party plausibly alleges three elements: '(1) an "injury in fact," (2) that is 'fairly . . . trace[able] to the challenged action of the defendant,' and (3) that is 'likely . . . redress[able] by a favorable decision.'" *E.T. v. Paxton*, 19 F.4th 760, 765 (5th Cir. 2021) (quoting *Ghedi v. Mayorkas*, 16 F.4th 456, 464 (5th Cir. 2021)). "[A]t least one plaintiff must have standing to seek each form of relief requested." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 467 (5th Cir. 2024) (quoting *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (emphasis added)). Plaintiffs do not plausibly allege that they have standing to challenge 42 C.F.R. § 59.10(b).

## I.    Plaintiffs Have Not Suffered an Injury in Fact

Plaintiffs lack standing because they have not suffered an injury in fact that is both (1) concrete and particularized, and (2) actual or imminent. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a [law] must demonstrate a realistic danger of sustaining a direct injury as a result of the [law]'s operation or enforcement."); *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021) (even "the deprivation of a right created by statute must be accompanied by some concrete interest that is affected by the deprivation") (quoting *Lee v. Verizon Commc'ns., Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (internal quotation omitted). "At minimum, a 'concrete' intangible injury based on a statutory violation must constitute a 'risk of real harm' to the plaintiff." *Lee*, 837 F.3d at 529 (quoting *Spokeo*, 578 U.S. at 341).

### A.    Plaintiffs Lack a Concrete and Actual or Imminent Injury

In light of both the Fifth Circuit's decision in *Deanda* and HHS's ensuing announcement of non-enforcement of 42 C.F.R. § 59.10(b) in Texas, Plaintiffs lack a concrete and actual or imminent injury. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983) (Plaintiffs' standing must be assessed based on facts at the time of the filing of the complaint).

In *Deanda*, the Fifth Circuit held that Mr. Deanda had standing based on the agency's purported "attempt to undermine his state right to consent to his daughters' obtaining contraception." *Deanda*, 96 F.4th at 756. The Court found that Mr. Deanda had a state-law right to consent to his children's medical care, and the agency was distributing federal funds to Title X clinics in Texas "on the express condition that they provide contraceptive services to minors without notifying their parents or seeking parental consent," which HHS understood as preempting state law. *Id.* at 756-57. The Court therefore explained that Mr. Deanda did not "complain that the Secretary is violating some technical component of federal or state law with no real-world

consequence to him," but rather that HHS's policy "purports to obliterate the parental rights he now enjoys under Texas law." *Id.* at 757.

By contrast, Plaintiffs in this case lack any actual or imminent injury. Following the Fifth Circuit's decision that the Title X statute does not preempt state law, HHS issued a notice stating that it would not enforce the challenged regulation in Texas. And Plaintiffs' allegations that they suffer harm from 42 C.F.R. § 59.10(b) therefore fail. Texas alleges that it suffers an injury in fact to its sovereign interests from HHS's "conditioning federal funding on compliance with" 42 C.F.R. § 59.10(b) and thereby preempting the state's parental consent law. Compl. at 6 ¶ 36. But HHS is not enforcing 42 C.F.R. § 59.10(b) in Texas, so there is no such conflict. Texas therefore has not suffered any injury to its sovereign "power to create and enforce a legal code." *Alfred L. Snapp*, 458 U.S. at 601. Plaintiff Frost alleges that she has suffered an injury in fact because 42 C.F.R. § 59.10(b) makes it possible for her minor children to obtain family planning services without her consent. *Id.* at 7 ¶¶ 42-44. But her allegation of injury fails because HHS is not enforcing 42 C.F.R. § 59.10(b) in Texas, and under the HHS Notice there is no indication that Title X grantees in Texas are providing or would provide Title X family planning services to minors in conflict with the Texas Family Code. *See, e.g.*, *Akin*, 629 Fed. App'x at 631.

The Fifth Circuit's decision in *Akin* is instructive. There, the plaintiffs challenged provisions of the Texas Election Code enforced by the Texas Ethics Commission, even though the Commission had taken the position that "in light of [Fifth Circuit] precedent, it cannot and does not enforce" the challenged provisions. *Id.* at 630. The Fifth Circuit held that the plaintiffs lacked standing because its precedents "restrain[ed] the Commission's enforcement of the Election Code" and "[t]here is no evidence that the Commission is failing to apply [the relevant Fifth Circuit] interpretations." *Id.* at 631. It did not matter whether the *Akin* plaintiffs were covered (or not) by a

permanent injunction entered by the district court in one of the cases that had established one of those precedents. *Id*. "Regardless of the applicability of the injunction, the [plaintiffs] cannot show a credible threat of enforcement by the Commission because of [the Fifth Circuit's] precedents. They clearly apply even if not reduced to an injunction." *Id*.

The same reasoning applies here. Plaintiffs cannot establish an injury from 42 C.F.R. § 59.10(b) because HHS has publicly committed that it will not enforce the regulation in Texas (or elsewhere in the Fifth Circuit to the extent it conflicts with state law). And thus "[t]here is no evidence that [HHS] is failing to apply" the relevant Fifth Circuit precedent holding that Title X does not preempt the Texas parental consent law. *Akin*, 629 Fed. App'x at 631.

Nor can Plaintiffs show an injury by arguing that HHS could rescind the Notice in the future. Courts in this Circuit have "adhere[d] to the presumption that 'formally announced changes to official governmental policy are not mere litigation posturing.'" *U.S. Navy Seals 1-26 v. Biden*, 72 F.4th 666, 675 (5th Cir. 2023) (quoting *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd*, 563 U.S. 277 (2011)). "That is so because we presume that state actors, as public representatives, act in good faith." *Freedom from Religion Found., Inc. v. Abbott* ("*FFRF*"), 58 F.4th 824, 833 (5th Cir. 2023); *see also, e.g., Sossamon*, 560 F.3d at 325 (explaining that "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties").

HHS is entitled to the presumption of good faith with respect to the non-enforcement policy announced in the Notice, which eliminates any threat of alleged injury to Plaintiffs. Indeed, HHS demonstrated such good faith by publishing the Notice announcing this non-enforcement policy on March 22, 2024, promptly after the Fifth Circuit issued its decision in *Deanda* and well before

**Brief in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction**          Page 10

Plaintiffs filed this lawsuit in July. Moreover, the Notice reflects the holding of the Fifth Circuit in *Deanda*, which remains binding precedent in this Circuit. *Akin*, 629 Fed. App'x at 631-32 (no credible threat of enforcement from agency that "has consistently proclaimed that it will not enforce . . . because, as it must, it abides by [the Fifth Circuit's] decisions"). Therefore, neither Plaintiff faces an injury in fact from 42 C.F.R. § 59.10(b). *Id.*

## B.    Plaintiffs Lack Standing to Sue on Behalf of Third Parties

In addition, Plaintiffs lack standing to the extent they allege injuries to others who are not parties to this litigation.

Plaintiff Frost appears to allege claims on behalf of other parents who share her desire to consent to any services sought by their minor children. Ms. Frost alleges, for example, that the Texas parental consent law protects not only her "rights as a parent" but also "the rights of every other parent in Texas[.]" Compl. at 7, ¶ 42. She further alleges that 42 C.F.R. § 59.10(b) is "flouting the law of Texas" by making Title X services available not only to her daughters, but to "the children of every other parent in Texas." *Id.* at ¶ 43. She asserts that 42 C.F.R. § 59.10(b) therefore is "inflicting injury in fact on [her] and every parent in the United States" who shares her position. *Id.* at ¶ 44.

Generally, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.*, 286 Fed. App'x 864, 869 (5th Cir. 2008) ("It is fundamental that a litigant cannot sue on behalf of a third party absent an injury in fact giving the litigant a sufficient stake in the outcome of the disputed issue."). To bring claims on behalf of third parties, a plaintiff must satisfy three criteria: "the litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the dispute; the litigant must have a close relation to the third party; and there must

exist some hindrance to the third party's ability to protect his or her own interests." *Id*. at 411 (citations omitted). Ms. Frost does not allege that she meets these criteria; nor could she.  As explained above, she has not suffered an injury in fact given Fifth Circuit precedent in *Deanda* and HHS's subsequent notice of nonenforcement. Moreover, she cannot establish a close relationship with "every other parent in Texas" or "every parent in the United States" who shares her views regarding parental consent. *See* Compl. at 7, ¶¶ 42, 44. Finally, there is nothing that would prevent these parents from suing to protect their own interests, like Mr. Deanda and Ms. Frost have done (assuming they were actually being injured notwithstanding HHS's nonenforcement of the regulation). Accordingly, to the extent Ms. Frost asserts standing to seek relief on behalf of others not before the Court, her claims must be dismissed for lack of jurisdiction. *See, e.g.*, *McCormack v. Nat'l Collegiate Athletic Ass'n*, 845 F.2d 1338, 1341 (5th Cir. 1988) ("A plaintiff generally must assert his own legal rights and interests, not those of third parties[,]" and a plaintiff's claims on behalf of others therefore may be dismissed unless "the plaintiff himself has suffered a cognizable injury and the third party for some reason cannot assert its own rights.").

Similarly, Texas lacks standing to pursue claims against HHS based on the state's alleged quasi-sovereign interest in the "health and well-being . . . of its residents in general." *See* Compl. at 6, ¶ 33. States generally cannot pursue actions against the Federal Government based on the rights and interests of citizens. *Alfred L. Snapp & Son*, 458 U.S. at 610 n.16 (citing *Massachusetts v. Mellon*, 262 U.S. 447, 485-86 (1923)); *see also South Carolina v. Katzenbach*, 383 U.S. 301, 324 (1966); *Haaland v. Brackeen*, 599 U.S. 255, 294-95 (2023) (Texas lacks standing because it has no rights of its own at stake and "cannot assert equal protection claims on behalf of its citizens"); *see also La. State v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 882 n.5 (5th Cir. 2023) ("[I]t is dubious that Louisiana may maintain its *parens patriae* suit against the federal

government at all."). That is the case whether the claims asserted arise under the Constitution or the APA. *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 181 (D.C. Cir. 2019) (APA does not give states *parens patriae* action against Federal Government). Texas therefore cannot pursue its challenge to 42 C.F.R. § 59.10(b) on the basis of its alleged "interests in the health and safety of its residents."[2] Nor does Texas have standing to assert claims or seek relief on behalf of third parties who reside in other states, to the extent it purports to do so. *See, e.g.*, Compl. at 11, § VIII Demand for Relief, ¶ iv (requesting that the Court "[i]ssue a permanent injunction prohibiting the defendants . . . from funding any Title X project that fails to comply with the parental-consent or parental-notification laws of any other state"). Other states may have differing laws with respect to minors obtaining family planning services. *Deanda v. Becerra*, No. 2:20-cv-92-Z, Order at 4 (N.D. Tex. Feb. 15, 2022), ECF No. 45 (observing that "[l]aws that regulate a minor's legal ability to consent to his or her own access to contraception differ from state to state") (footnote omitted).

## II.    Plaintiffs' Alleged Injuries Are Not Traceable to the Rule

Plaintiffs also have not alleged that their purported injuries are fairly traceable to 42 C.F.R. § 59.10(b).

Standing is most difficult to demonstrate when, as here, Plaintiffs are not the subject of the challenged government action. As the Supreme Court has explained:

> [w]hen . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*, much more is needed. In that circumstance, causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction – and perhaps on the response of others as well.

---

[2] In any event, for the reasons explained above, Texas residents are not injured by a regulation that is not being enforced in the State of Texas, consistent with Fifth Circuit precedent.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562 (1992). Thus, "it becomes the burden of the plaintiff to adduce facts showing that [the] choices [of those third parties] have been or will be made in such manner as to produce causation and permit redressability of injury." *Id.* "[S]tanding theories that rest on speculation about the decisions of independent actors" fail to establish an injury that is certainly impending or fairly traceable to the challenged conduct. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013).

Any suggestion by Plaintiffs that the Fifth Circuit's decision in *Deanda* and HHS's nonenforcement of the challenged regulation in Texas is insufficient to defeat standing because some Title X projects in Texas might nonetheless not comply with Texas' parental consent law fails. Such a scenario is purely speculative in light of the binding precedent in *Deanda* and HHS's guidance. And, even if it were to come to pass, any resulting injury to Plaintiffs would be traceable to the independent actions of third parties—Title X grantees that chose not to comply with Texas law–as opposed to the challenged rule. *Id.* at 413; *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 537 (5th Cir. 2019). Moreover, Plaintiff Texas, as the enforcer of its own state laws, has the ability to address any such noncompliance with Texas parental consent laws. Accordingly, any purported injuries are not fairly traceable to 42 C.F.R. § 59.10(b).

### III.    Plaintiffs' Alleged Injuries Are Not Redressable

For similar reasons, Plaintiffs' alleged injuries are also not redressable by the present action. "To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury' suffered." *California v. Texas*, 593 U.S. 659, 671 (2021) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984)). Plaintiffs must show a "'substantial likelihood' that the requested relief will remedy the alleged injury[.]" *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976)).

**Brief in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction**          Page 14

As a threshold matter, an alleged injury generally is not redressable when, as here, the government has already provided "the precise relief that [plaintiffs] requested in the prayer for relief in their complaint." *N.Y. State Rifle & Pistol Ass'n v. City of N.Y.*, 590 U.S. 336, 338-39 (2020); *U.S. Navy Seals 1-26*, 72 F.4th at 673. Plaintiffs' prayer for relief seeks "a permanent injunction prohibiting the defendants from enforcing [42 C.F.R. § 59.10(b)]." Compl. at 11, § VIII Demand for Relief, ¶ iii. But HHS's Notice already makes clear that it is not enforcing 42 C.F.R. § 59.10(b) in Texas, consistent with the Fifth Circuit's decision in *Deanda*. Because the HHS Notice already announces HHS's policy of not requiring Title X grantees in Texas to comply with 42 C.F.R. § 59.10(b), Plaintiffs have obtained complete relief for their alleged injury. *U.S. Navy Seals 1-26*, 72 F.4th at 673. Thus, Plaintiffs suffer no harm for which the Court could enter effective relief. *Dobbin Plantersville Water Supply Corp. v. Lake*, 108 F.4th 320, 328 (5th Cir. 2024) ("Because [plaintiff] does not seek relief that would redress its injury, as explained above, it lacks standing . . . under Article III.").

Furthermore, because HHS is not enforcing 42 C.F.R. § 59.10(b) in Texas, Plaintiffs have no substantial controversy with HHS and therefore are not "entitled" to relief under the Declaratory Judgment Act. *See* Compl. at 11 ¶¶ 63-64; *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (refusing to issue a declaratory judgment in the absence of "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941))). "A suit for declaratory relief, while allowing a party to anticipate a suit and seek a judicial resolution, must nevertheless meet . . . jurisdictional limitation[s]." *Ass'n of Am. Physicians & Surgeons v. HHS*, 224 F. Supp. 2d 1115, 1122 (S.D. Tex. 2002). Specifically, the Declaratory Judgment Act provides for relief only "[i]n a case of actual controversy within its jurisdiction[.]" 28 U.S.C. § 2201. Thus,

"[a]t the threshold we must consider whether petitioner presents an 'actual controversy,' a requirement imposed by Art. III of the Constitution and the express terms of the Federal Declaratory Judgment [A]ct, 28 U.S.C. § 2201." *Steffel v. Thompson*, 415 U.S. 452, 458 (1974); *accord Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Steffel*, 415 U.S. at 458). The requisite actual controversy exists only where "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix Credit All., Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000).

Plaintiffs are not entitled to declaratory relief unless they "assert an injury that is the result of a [law's] actual or threatened *enforcement*, whether today or in the future." *California*, 593 U.S. at 670. Accordingly, "[a]mple precedent establishes that [a court] should not exercise [its] discretion to extend declaratory relief when a challenged law or policy no longer affects the plaintiff." *Texas v. EEOC*, 933 F.3d 433, 451 (5th Cir. 2019); *Drayden v. Needville Indep. Sch. Dist.,* 642 F.2d 129, 133 (5th Cir. Unit A Apr. 1981) ("Any declaratory or injunctive relief granted by a district court" following settlement "would now be moot, not to mention redundant and superfluous."), *abrogated on other grounds by Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60 (1992).

Here, there is no substantial controversy between the parties. In light of the Fifth Circuit's decision in *Deanda*, HHS is not enforcing 42 C.F.R. § 59.10(b) in Texas (or elsewhere in the Fifth Circuit to the extent it conflicts with state law). And the Fifth Circuit has held in *Deanda* that Title X does not preempt Texas' parental consent law such that Texas is free to enforce its parental consent laws against Title X grantees in the state. The declaratory judgment to that effect requested by Plaintiffs, *see* Compl. at 11, § VIII Demand for Relief, ii, therefore would be superfluous and thus improper. It would not leave Plaintiffs any better off than they are under the current state of

**Brief in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction**          Page 16

affairs, with the Fifth Circuit's decision in *Deanda* and HHS's nonenforcement of the challenged regulation in Texas. Furthermore, Plaintiffs have no basis to seek broader relief concerning, for example, individuals in other states and the laws of other states, *see* Compl. at 11, § VIII Demand for Relief, ¶ iv, which are not before the Court. Plaintiffs therefore fail to demonstrate that their alleged injuries are redressable.

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court grant their motion to dismiss for lack of jurisdiction.

Dated: October 4, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/ *Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS,<br>CARMEN ROBLES FROST,<br><br>    *Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as<br>Secretary of Health and Human Services;<br>RACHEL LEVIN, in her official capacity as<br>Assistant Secretary for Health; LYNN<br>ROSENTHAL[1], in her official capacity as<br>Deputy Assistant Secretary for Population<br>Affairs; OFFICE OF THE ASSISTANT SECRETARY<br>FOR HEALTH; U.S. DEPARTMENT OF HEALTH &<br>HUMAN SERVICES; UNITED STATES OF<br>AMERICA,<br><br>    *Defendants*. | Civil Action No. 2:24-cv-159-Z |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2024, I electronically transmitted the foregoing to the parties and the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Lynn Rosenthal automatically substitutes for her predecessor, Jessica Swafford Marcella, in her official capacity as Deputy Assistant Secretary for Population Affairs.

1

Dated: October 4, 2024

/s/ *Amber Richer* _
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Attorney for Defendants*

2